IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ROBB,                               No. CIV S-09-2007-JAM-CMK-P

    Petitioner,

  vs.                                  FINDINGS AND RECOMMENDATIONS

JOHN HAVILAND,

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. Pending before the court is respondent's motion to dismiss (Doc. 12).

**I. BACKGROUND**

        Petitioner was found guilty of a prison disciplinary violation for participating in a prisoner work stoppage. He was assessed a 30-day loss of good-time credits. In a state court habeas petition, petitioner raised seven claims. In Ground One, petitioner asserted: "As proven by attached exhibits, prison staff conceded that non-compliance with the work stoppage would have endangered my safety; therefore my administrative appeal should have been granted and the

1

Rules Violation Report vacated because state law expressly prohibits requiring prisoners to place themselves in jeopardy." In Ground Two, petitioner claimed that the disciplinary finding is not supported by "some evidence." In Ground Three, petitioner argued that he was denied an unbiased and impartial factfinder at his disciplinary hearing because "the pro forma administrative hearing issued a predetermined decision of guilt. . . ." In Ground Four, petitioner argued he was denied a staff assistant at his disciplinary hearing. In Grounds Five, petitioner asserted that prison staff falsely stated he had waived a staff assistant. In Ground Six, petitioner claims he was improperly ordered by prison staff to sign a false rules violation report. And, in Ground Seven, petitioner claimed that he was denied witnesses at his disciplinary hearing. In denying relief, the Superior Court held:

> As to Petitioner's claim that the CDC violated due process for disciplining him for not working when working could have resulted in his harm from other inmates, Petitioner has failed to present a claim on which relief can be granted. (citation omitted). Petitioner cites 15 California Code of Regulations, Section 3270 for the proposition that security and safety is the CDC's primary concern, but he has not shown that the CDC violated any regulation or law. It appears that the CDC properly disciplined Petitioner for not reporting to work as required by 15 California Code of Regulations, Section 3041(b).
> As to Petitioner's other five claims, which he lists under six headings, Petitioner has failed to show that he exhausted administrative remedies before filing in this court. (citation omitted). These claims were not properly raised and denied by the CDC in Petitioner's appeal.

The California Court of Appeal denied relief without comment or citation. The California Supreme Court denied relief without comment and with only a citation to <u>In re Dexter</u>, 25 Cal.3d 921 (1979). Petitioner raises the same seven grounds for relief in his federal petition.

## II. DISCUSSION

Respondent argues that petitioner's claims are procedurally barred. Respondent concludes that the California Supreme Court's citation to <u>In re Dexter</u> indicates application of a state procedural default to all of petitioner's claims. Respondent also argues that, to the extent petitioner asserts the guilty finding will be used in the future to deny him parole, such a claim is

2

speculative and, as such, not cognizable on federal habeas review.

### A. **Procedural Default**

Based on concerns of comity and federalism, federal courts will not review a habeas petitioner's claims if the state court decision denying relief relies on a state law ground that is independent of federal law and adequate to support the judgment. See Coleman v. Thompson, 501 U.S. 722 (1991); Harris v. Reed, 489 U.S. 255, 260-62 (1989). However, a discretionary state rule is not adequate to bar federal habeas corpus review. See Siripongs v. Calderon, 35 F.3d 1308 (9th Cir. 1994). Generally, the only state law grounds meeting these requirements are state procedural rules. Even if there is an independent and adequate state ground for the decision, the federal court may still consider the claim if the petitioner can demonstrate: (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice. See Harris, 489 U.S. at 262 (citing Murray v. Carrier, 477 U.S. 478, 485, 495 (1986)).

A state law is independent if it is not interwoven with federal law. See Michigan v. Long, 463 U.S. 1032, 1040-41 (1983). The independence of a state law is measured at the time the default is imposed by the state court to bar a claim. See Bennett v. Mueller, 322 F.3d 573, 582 (9th Cir. 2003); see also La Crosse v. Kernan, 244 F.3d 702, 204 (9th Cir. 2001); Park v. California, 202 F.3d 1146 (9th Cir. 2000) (assessing whether California's waiver default was independent when the California Supreme Court denied the claim). A state law is adequate if it is clear, well-established, and consistently applied. See Bargas v. Burns, 179 F.3d 1207, 1211 (9th Cir. 1999). The adequacy of a state default is measured at the time of the petitioner's purported default. See Fields v. Calderon, 125 F.3d 757, 760 (9th Cir. 1997). Thus, the respective dates for determining the adequacy and independence may not be the same.

When the state court discusses a procedural default but also reaches the merits of a claim, a denial of the claim cannot be said to have relied on the procedural default. See Thomas v. Hubbard, 273 F.3d 1164, 1176 (9th Cir. 2001) (citing Harris, 489 U.S. at 263); see

also Panther v. Hames, 991 F.2d 576, 580 (9th Cir. 1993). As the Ninth Circuit observed in Panther, ". . . because the Alaska Court of Appeals considered Panther's claim on the merits . . . so can we." 991 F.2d at 580. In Thomas, the state court discussed the issue of procedural default but then went on to deny the claim because any error was harmless. See 273 F.3d at 1176. The Ninth Circuit held: "In doing so, the [state] court left the resolution of the procedural default issue uncertain rather than making a clear and express statement that its decision was based on a procedural default." Id. Therefore, where the state court discusses both procedural default and the merits, and does not expressly hold that the procedural default is the basis of the denial, the procedural default does not operate to bar federal review.

In this case, it appears that respondent argues that all of petitioner's claims are procedural barred because the California Supreme Court cited to In re Dexter, which required administrative exhaustion, in denying relief. This, however, ignores that the Superior Court did in fact reach the merits of petitioner's first claim and only discussed a procedural default with respect to the remaining claims. Thus, the state court cannot be said to have relied on a procedural default as a basis for denying the first claim. The remaining claims, however, are procedurally barred because every state court to address them applied a state procedural default and did not reach the merits in any way.

**B.    Cognizability**

In Claim One, petitioner argues that: (1) he should not have been charged with a disciplinary violation for heeding a work stoppage given prison officials' concession that ignoring the work stoppage would subject him to danger form other inmates; and (2) imposition of a rules violation could be used in the future to deny him parole. Respondent argues that the second component to the claim is speculative and, as such, not cognizable. Respondent does not address the first aspect of the claim. As to the second part of the claim, the court agrees that it is speculative given that, to date, petitioner has not been denied parole based on the rules violation report at issue in this case.

4

As to the first part of the claim, respondent appears to rest on his argument discussed above that all of petitioner's claims are procedurally barred. While the court agrees as to petitioner's other claims, the first claim is not procedurally barred because the state court reached the merits of the claim. Therefore, the first part of Claim One remains. Specifically, the question is whether the disciplinary finding was arbitrary and violated due process as a result because prison officials conceded that crossing the inmate work stoppage line would result in danger to petitioner but, at the same time, petitioner was nonetheless charged with a disciplinary violation for not reporting to work. Respondent should be directed to file an answer on the merits of this claim.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss (Doc. 12) be granted in part and denied in part.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 11, 2010

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE